UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICK W. BOATMAN and MAUREEN A. BOATMAN, Plaintiffs, | : : : : | |
| v. | : : | CIVIL ACTION NO. 3:08-cv-00784 (VLB) |
| GINN-LA HAMMOCK BEACH LTD. LLLP and RICHARD T. DAVIS, Defendants. | : : : | January 28, 2009 |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS OR TRANSFER VENUE [Docs. #16, 20]

Before the Court is the motion to dismiss or in the alternative transfer venue filed by the defendant Ginn-La Hammock Beach Ltd., LLLP ("Ginn-La") [Doc. #16] and the motion to dismiss filed by the defendant Richard Davis. [Doc. #17] The plaintiffs, Patrick and Maureen Boatman, ("the Boatmans") originally brought suit in Connecticut Superior Court. Ginn-La removed the action to this Court on May 21, 2008 on the basis of federal question jurisdiction. The Boatmans assert claims arising under 15 U.S.C. § 1701, the Interstate Land Sales Full Disclosures Act ("ILSFDA"), as well as claims arising under Connecticut state law. For the reasons hereinafter set forth, Ginn-La's motion to transfer venue and Davis' motion to dismiss are GRANTED.

### Facts

The following undisputed facts are relevant to the motions before the Court. This case arises out of a failed plan to develop a subdivision in Palm

1

Coast, Florida. The developers of the community, Ginn-La and related entities, marketed the project across the country. In late 2004, the Boatmans began receiving advertisements for the development from Ginn-La. On March 6, 2005, Maureen Boatman executed a power of attorney in favor of Davis, who was practicing law in the Florida firm of Cameron, Davis & Gonzales, P.A. ("Cameron Davis"). On March 11, 2005, the Boatmans traveled to Palm Coast, Florida to attend a "Conservatory Priority Selection Event." On March 12, 2005, Davis executed a contract to purchase a lot at the Conservatory development from Ginn-La on behalf of Maureen Boatman. On April 7, 2005, Patrick Boatman signed an addendum to the contract which added him as a party to the purchase contract. On April 25, 2005, Davis participated in the closing on behalf of the Boatmans and faxed the closing documents to their residence in Connecticut. After the closing, the Boatmans requested that the lot be made available for resale. The property was never sold. On April 24, 2008, the Boatmans brought suit in Connecticut Superior Court alleging violations of ILSFDA, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, and negligent misrepresentation against both Ginn-La and Davis.

## Discussion

Ginn-La asks the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. In the alternative, it asks the Court to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404 for the convenience of the parties and the interests of justice. Ginn-La argues that a choice of venue

clause found in the purchase contract in favor of the courts with jurisdiction over Flagler County, Florida should be enforced, and that the interests of justice also require transfer. [Doc. #16, Ex. 3]

The subject matter of this case has already been examined closely in another forum. In <u>Awdish v. Ginn Company, et al.</u>, 2:07-cv-12304 (LPZ) slip op. (E.D.Mich. February 25, 2008) over 100 purchasers of lots sold by the Ginn Company and its affiliated entities, including Ginn-La, brought suit against the Ginn entities and Davis' law firm, Cameron Davis, for violations of ILSFDA, fraud, and violations of state securities laws. Most of the plaintiffs in <u>Awdish</u> had, like the Boatmans, given power of attorney to a principal of Cameron Davis to conduct the closing on lots in Palm Coast, Florida. The Ginn entities and Cameron Davis moved to enforce the forum selection clause and transfer venue to the Middle District of Florida. In a detailed and well-reasoned opinion, Chief Judge Lawrence Zatkoff concluded that the interests of justice and judicial economy favored a transfer of all of the claims to the Middle District of Florida. The factors the court considered were: 1) the real estate at issue was located in Florida; 2) the plaintiffs caused the closing documents to be executed in Florida; 3) the plaintiffs had entered into agreements or service arrangements in Florida; 4) the original documents were located in Florida; 5) all of the defendants were residents of Florida or authorized to do business there; and 6) none of the defendants were residents of Michigan or authorized to do business there. <u>Awdish</u> at *7. The court noted that under 28 U.S.C. § 1391(b), venue in cases not

founded solely on diversity of citizenship is proper either where the defendants reside or in the judicial district where a "substantial part of the events or omissions giving rise to the claim" occurred. Id. The court then concluded that the facts of the case indicated that this judicial district was the Middle District of Florida.

The Boatmans argue that they do not have access to the pleadings in Awdish to distinguish their case. However, court records are accessible to the public through the Public Access to Court Electronic Records system (PACER).[1] Patrick Boatman, an attorney admitted to the federal bar who regularly practices before this court, is presumably familiar with PACER and CM/ECF, the electronic court docketing system through which attorneys are required to file pleadings and other documents in this district. The Court concludes that Ginn-La has made a persuasive argument comparing both files. The Court agrees with the reasoning of the court in Awdish, and should endeavor to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

The Court has examined the pleadings filed in Awdish and has found no reason that it should reach a contrary result. The contract relied upon by the Awdish court is identical to the one at issue in this action, as further attested by

---

[1]Pacer Overview, http://pacer.psc.uscourts.gov/pacerdesc.html ("The PACER System offers an inexpensive, fast, and comprehensive case information service to any individual with a personal computer (PC) and Internet access. The PACER system permits you to request information about a particular individual or case. The data is displayed directly on your PC screen within a few seconds. The system is simple enough that little user training or documentation is required.")

the date stamps at bottom of each document. [Doc. #16, Exhibit 3]. Furthermore, the equities are the same, as the <u>Awdish</u> plaintiffs were residents of Michigan who purchased Ginn lots in Florida, and the Boatmans are residents of Connecticut. While the Boatmans point out that the Court is not bound to follow the decision of the Eastern District of Michigan, they have not distinguished their case in any way that would lead to a different result. The Boatmans further argue that because they plead violations of Connecticut state laws, this action should not be transferred, but examination of the complaint filed in the <u>Awdish</u> case shows that the <u>Awdish</u> plaintiffs alleged violations of Michigan state securities laws as well as common law claims arising under state law.

The Middle District of Florida, which will already be familiar with the factual basis of the Boatmans' claims, is as able to apply the laws of Connecticut as of Michigan, should it find that those laws govern the actions of the defendants. Therefore, the Court finds that the interests of justice would be best served by a transfer of venue to the Middle District of Florida.

<u>Service and Personal Jurisdiction</u>

Davis moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), arguing that the Boatmans did not properly serve him under Connecticut law and the Court thus had no personal jurisdiction over him. Under Fed. R. Civ. P. 4(a), service is made "pursuant to the law of the state in which the district court is located." Under Conn. Gen. Stat. § 52-59b(c), service is made on non-resident defendants by leaving a copy of the writ, summons, and complaint with the Connecticut

5

Secretary of State and mailing the same to the "last-known address" of the defendant. It is undisputed that Davis resides in Florida.

The Boatmans argue that Davis has waived any defect in his service by not objecting within 30 days of his appearance in this action. See Conn. Practice Book § 10-30. However, in federal court, the issue of waiver is governed by the Federal Rules of Civil Procedure. See, e.g., Holtzager v. Valley Hospital, 646 F.2d 792, 795 (2d. Cir. 1981). Fed. R. Civ. P. 12(h)(1) states that a defect of service must be pled no later than in a responsive pleading. Davis pled lack of personal jurisdiction for defective service in his responsive pleading. [Doc. # 20] Therefore, the Court will address his motion substantively.

Davis argues that by attempting to serve him at an address other than his "last known" address, the Boatmans made insufficient service of process. The Boatmans mailed the writ, summons, and complaint to the address of a former Cameron Davis branch office in Palm Coast, Florida. Davis has filed an affidavit stating that this office closed in 2006, was never the primary location of his practice, and is not his "last-known address," as his present address is listed in the phone book. The Court notes that it is also cited in the purchase contract signed by the Boatmans. The Boatmans respond that Connecticut courts have found personal jurisdiction when process was served on some place other than the defendant's actual address and argue that Davis received actual notice and promptly appeared to defend this case, and is thus not prejudiced.

In D'Occhio v. Connecticut Real Estate Com'n, 189 Conn. 162 (Conn. 1983),

6

the Connecticut Supreme Court upheld a judgment contested for lack of personal jurisdiction in which the plaintiffs sent process to the home of the defendant's wife. The defendant had conducted several fraudulent business deals in Connecticut and then fled the state for "parts unknown" while pursued by the Connecticut police. The court found that under the circumstances of the case, service on the wife of the defendant was the best practicable service available.

More recently, the Connecticut Supreme Court noted that a plaintiff must use "diligent and persistent efforts" to determine the actual address of the defendant, and that unless a plaintiff has departed for "parts unknown," the plaintiff must learn the defendant's actual address "at his peril." Cadlerock Joint Venture II, L.P. v. Milazzo, 287 Conn. 379, 394-95 (Conn. 2008).

In this case, a simple Internet or telephone book search would have directed the plaintiffs, one of whom is an attorney, to Davis' actual address. Davis was not a fugitive, but remains a practicing attorney in Florida, at the same address listed in the purchase contract. As the plaintiffs failed to search diligently for Davis' actual address, the Court lacks jurisdiction over Davis due to insufficient service, and the action against him must therefore be dismissed. See Jones v. Globe International Inc., 3:94cv1468, 1995 WL 819177 at *5 (D.Conn., Sept. 26, 1995) (dismissing case where plaintiff failed to serve process on secretary of state against non-resident defendant).

Ginn-La's motion to transfer [Doc. #16] is GRANTED and Davis' motion to dismiss [Doc. #20] is GRANTED. The Clerk is directed to terminate Davis from

this case and transfer this matter to the Middle District of Florida.

                                           IT IS SO ORDERED.

                                              /s/
                                       Vanessa L. Bryant
                                       United States District Judge

Dated at Hartford, Connecticut: January 28, 2009.